**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin R. Kristick; Karie L. Kristick, <br><br>　　　　Plaintiffs, <br><br>vs. <br><br>First Franklin Loan Services, Inc., et al., <br><br>　　　　Defendants. | No. CV09-1052-PHX-NVW <br><br>**ORDER** |

Pending before the Court are Defendants' Motion to Dismiss and Plaintiffs' Request for Reconsideration Based Upon New Facts and Circumstances. (Doc. ## 7, 13.)

**I.　Procedural Background**

On May 18, 2009, Plaintiff Kevin R. Kristick[1] filed a complaint in this action and a motion for an *ex parte* order restraining Defendants First Franklin Loan Services, Inc. ("First Franklin"), Home Loan Services, Inc. ("Home Loan Services"), and LaSalle Bank, N.A. ("LaSalle")[2] from removing the Kristicks from their home in Fountain Hills, Arizona. (Doc. ## 1, 4.) On May 20, 2009, the Court denied Kristick's motion because

---

[1] Although the Complaint and Request for Reconsideration purport to be filed on behalf of both Kevin R. Kristick and Karie L. Kristick, they are signed only by Kevin R. Kristick. Because Mr. Kristick is not an attorney, he may represent only himself.

[2] There is no evidence in the record that Kristick has served his complaint on the other named Defendants.

he had not given notice to Defendants and did not provide justification for depriving Defendants of fair notice by delaying the request until the day before the anticipated eviction. (Doc. # 3.) On May 27, 2009, Kristick moved for reconsideration of the May 20, 2009 Order. (Doc. # 7.) No response to the motion for reconsideration has been ordered pursuant to LRCiv 7.2(g)(2).

On June 29, 2009, First Franklin,[3] Home Loan Services, and LaSalle filed a motion to dismiss Kristick's complaint. (Doc. #13.) Kristick did not file a response. LRCiv 7.2(i) provides that failure to respond to a motion may be deemed a consent to the granting of the motion and the Court may dispose of the motion summarily. Nevertheless, the Court will decide Defendants' Motion to Dismiss on the merits.

## II.     Defendants' Motion to Dismiss

### A.     Legal Standard

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint must contain "only enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3] First Franklin Loan Services is not an independent entity, but rather a name under which Home Loan Services, Inc., does business.

First, the court must identify allegations in the complaint that are not entitled to the assumption of truth. *Id.* at 1949, 1951. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Id.* at 1949, 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint should consist of "clear and concise averments stating which defendants are liable to plaintiffs for which wrongs, based on the evidence." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Second, the court must determine whether the factual allegations plausibly suggest an entitlement to relief. *Iqbal*, 129 S. Ct. at 1950, 1951. This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

Generally, in ruling on a Rule 12(b)(6) motion, a district court may not consider any material beyond the pleadings. However, a district court may consider material properly submitted as part of the complaint and documents not physically attached to the complaint whose contents are alleged in a complaint and whose authenticity no party questions. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

**B. Facts Assumed True**

In 1997, Kristick purchased a home in Fountain Hills, Arizona ("the Property"). On February 14, 2007, Kristick and his wife refinanced their home with a loan in the original principal amount of $1,124,500.00, evidenced by a Deed of Trust and Note. Both the Deed of Trust and the Note identify the Lender as First Franklin Financial

1    Corporation ("FFFC"),[4] an operating subsidiary of Merrill Lynch Bank & Trust Co., FSB.
2    The Note states that the Kristicks will make their monthly payments at 150 Allegheny
3    Center Mall, Pittsburgh, PA  15212.
4            The Deed of Trust identifies the Trustee as Fidelity National Title Company.  The
5    Deed of Trust identifies Mortgage Electronic Registration Systems, Inc. ("MERS"), "a
6    separate corporation that is acting solely as a nominee for Lender and Lender's successors
7    and assigns," as the beneficiary under the Deed of Trust and states that MERS has the
8    right to exercise any or all of Lender's interests, including, but not limited to, the right to
9    foreclose and sell the Property.
10           About March 1, 2008, Kristicks were informed they had defaulted on their loan,
11   but they did not receive written notice containing the name of the creditor and the proper
12   way to verify the debt.  Kristicks disputed the amount of the debt and made numerous
13   requests for an explanation of and validation of the debt.  They did not receive an
14   explanation or confirmation of the amount of the debt.
15           On June 5, 2008, MERS appointed Cal-Western Reconveyance Corporation as
16   successor Trustee under the Deed of Trust for Fidelity National Title Company.  On June
17   6, 2008, Cal-Western Reconveyance Corporation executed a Notice of Trustee's Sale
18   Under Deed of Trust for the Property.  The Notice identifies the current beneficiary as
19   LaSalle Bank, N.A., as Trustee for First Franklin Mortgage Loan Trust 2007-1, Mortgage
20   Loan Asset-Backed Certificates, Series 2001-1, in care of Home Loan Services, Inc., 150
21   Allegheny Center, IDC 24-050, Pittsburgh, PA  15212-5356.
22           On May 5, 2009, the Property was sold by trustee's sale to Bank of America, N.A.,
23   as successor by merger to LaSalle Bank, N.A., as Trustee for Merrill Lynch First Franklin
24   Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1.  On May
25   12, 2009, Kristick received notice that if he did not vacate the Property by May 19, 2009,

---

[4]FFFC is not named as a Defendant in this action.

1  a lawsuit would be brought to require his removal from the Property by the Maricopa
2  County Sheriff.
3        On May 18, 2009, Kristick filed a Complaint alleging sixteen claims for relief,
4  which included alleged violations of the Fair Debt Collection Practices Act ("FDCPA"),
5  15 U.S.C. §§ 1692e, 1692f, 1692g; the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601,
6  *et seq.*; Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. §§ 2605, 2607; anti-
7  tying provisions of the Federal Bank Holding Company Act, 12 U.S.C. § 1972; and state
8  law claims.

    **C.**    **Analysis**

        **1.**    **Claims Under the Fair Debt Collection Practices Act**

In Counts 2, 3, and 4, Kristick alleges all Defendants have violated §§ 1692e, 1692f, and 1692g of the FDCPA. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e prohibits debt collectors from making false, deceptive, or misleading representations in connection with debt collection. Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. Section 1692g requires debt collectors to provide consumers with certain written information in connection with debt collection.

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). It includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Id.* However, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was

not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985).

Although Kristick's complaint indicates that allegations of FDCPA are made against all Defendants, none of the Defendants is a "debt collector" as defined by the FDCPA. Even if FFFC were named as a Defendant, it is not a "debt collector" as defined by the FDCPA.

### 2. Claims Under the Truth in Lending Act

In Count 7, Kristick alleges all Defendants have violated 15 U.S.C. § 1601. The purpose of TILA is to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Any action under TILA must be brought within one year from the date of the occurrence of the alleged violation. 15 U.S.C. § 1640(e). The limitations period in § 1640(e) generally runs from the date of consummation of the transaction, which was February 14, 2007, and therefore expired before Kristick initiated this action. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). No evidence in the record provides a basis for equitable tolling of the limitations period. *See id.*

Further, under TILA, "creditor" refers only to:

> a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is not such evidence of indebtedness, by agreement.

15 U.S.C. § 1602(f). Here, the initial creditor is FFFC, which is not named as a Defendant in this action. Neither LaSalle Bank nor Home Loan Services is a creditor under § 1602(f).

1      Finally, Kristick's time to rescind the loan transaction expired upon the sale of the
2  Property. *See* 15 U.S.C. § 1635(f). Moreover, in order to exercise his right to rescind, he
3  would have had to return the money he borrowed. *See* 15 U.S.C. § 1635(b).

### 3. Claims Under the Real Estate Settlement Procedure Act

    In Counts 5 and 6, Kristick alleges all Defendants violated 12 U.S.C. § 2605 and MERS and FFFC violated 12 U.S.C. § 2607. Neither MERS nor FFFC is named as a Defendant in this action.

    Section 2607 of RESPA prohibits giving or accepting referral fees related to a real estate settlement service and splitting charges made or received for the rendering of a real estate settlement service other than for services actually performed. Any action brought under § 2607 must be brought within one year of a violation. 12 U.S.C. § 2614. Thus, the limitations period expired February 14, 2008, before Kristick initiated this action.

    Section 2605 of RESPA requires each loan servicer to notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person. 12 U.S.C. § 2605(b)(1). Kristick alleges, "Defendants assigned, sold or transferred the servicing of the Plaintiff's mortgage loan to another person or entity more than once and Defendant did not notify or consider notifying Plaintiff in writing of any assignment, sale, or transfer of the servicing of the loan to any other person or entity." But the allegation that loan servicing was transferred lacks facial plausibility because the public record shows the same address for payments on the Note and the Notice of Trustee's Sale Under Deed of Trust. Further, Kristick has not alleged that any of the Defendants are loan servicers or serviced his loan. FFFC is not a loan servicer. Moreover, Home Loan Services is identified in the public record as the loan servicer at the time of the Kristicks' default and therefore could not have caused the Kristicks' default by a subsequent transfer of servicing without notice.

### 4. **Claims Under the Federal Bank Holding Company Act**

In Count 8, Kristick alleges MERS and FFFC violated 12 U.S.C. § 1972, which prohibits certain tying arrangements by banks. Neither MERS nor the FFFC is named as a Defendant in this action.

The Federal Bank Holding Company Act "defines a bank as an institution organized under the laws of the United States or any state that both '(i) accepts demand deposits or deposits that the depositor may withdraw by check or similar means for payment to third parties or others; and (ii) is engaged in the business of making commercial loans.'" *S & N Equipment Co. v. Casa Grande Cotton Finance Co.*, 97 F.3d 337, 343 (9th Cir. 1996) (quoting 12 U.S.C. § 1841(c)(1)(B)). Even if Kristick amended his complaint to add FFFC as a Defendant, FFFC does not meet the definition of "bank."

Further, Kristick does not allege that FFFC engaged in anticompetitive tying arrangements prohibited by § 1972. Section 1972 prohibits anticompetitive practices by banks that require bank customers to accept or provide some other service or product or refrain from dealing with other parties in order to obtain the bank product or service they desire. *Id.* Under the statute, a bank shall not vary the consideration for credit or any service on the condition or requirement:

> (A) that the customer shall obtain some additional credit, property, or service from such bank other than a loan, discount, deposit, or trust service;
>
> (B) that the customer shall obtain some additional credit, property, or service from a bank holding company of such bank, or from any other subsidiary of such bank holding company;
>
> (C) that the customer provide some additional credit, property, or service to such bank, other than those related to and usually provided in connection with a loan, discount, deposit, or trust service;
>
> (D) that the customer provide some additional credit, property, or service to a bank holding company of such bank, or to any other subsidiary of such bank holding company; or
>
> (E) that the customer shall not obtain some other credit, property, or service from a competitor of such bank, a bank holding company of such bank, or any subsidiary of such bank holding company, other than a condition or requirement that such bank shall reasonably impose in a credit transaction to assure the soundness of the credit.

12 U.S.C. § 1972(1).

Kristick alleges Defendants engaged in illegal tying by varying the consideration in the form of (1) decreasing the loan margin associated with the Note on the Property on the condition that Kristick agree to a prepayment penalty and (2) providing a "broker kickback" or other illegal compensation to third parties on the condition that Kristick agree to pay "additional fees in the form of hidden increased points and interest." Kristick further alleges Defendants engaged in illegal tying by requiring him to agree to allow MERS to act as Nominee and Beneficiary on the Note and Deed of Trust as a condition of the loan. Assuming the allegations to be true, none allege that FFFC required Kristick to obtain or provide additional credit, property, or service as a condition for obtaining a loan.

Moreover, to establish a violation of § 1972, a plaintiff must show not only an anticompetitive tying arrangement existed, but also that the banking practice in question was unusual in the banking industry and the practice benefitted the bank. *S & N Equipment*, 97 F.3d at 345. Kristick alleges that "Defendant's acts and omissions were driven by greed and lax underwriting" and "have clearly contributed to the recent and devastating economic crises and the millions of foreclosures, evictions and job losses that are occurring across the country." He does not allege that FFFC's practices were either anticompetitive or unusual in the banking industry.

**III. Plaintiffs' Motion for Reconsideration**

On May 27, 2009, Kristick filed a Request for Reconsideration Based Upon New Facts and Circumstances (doc. # 7), seeking reconsideration of the May 20, 2009 Order (doc. # 3) that denied a temporary restraining order without notice to the adverse parties. Kristick's original motion sought an order (1) restraining and enjoining Home Loan Services, MERS, and FFFC from selling the Property or "from otherwise taking any steps whatsoever to deprive Plaintiffs of their residence in and possession of the Family Property" and (2) ordering the Maricopa County Sheriff's Department to stay all writ and lockout proceedings with respect to the Property. His motion for reconsideration stated

that he had served one Defendant, Home Loan Services, and had been notified that the Property had been sold in a trustee sale on May 5, 2009.

Local Rules provide:

> The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence. Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's Order. No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order. Failure to comply with this subsection may be grounds for denial of the motion.

LRCiv 7.2(g). Kristick's motion for reconsideration did not provide any basis for reconsideration of the denial of a temporary restraining order without notice to the adverse parties, did not request a temporary restraining order with notice and hearing, and established that the initial motion for a temporary restraining order was filed after the Property already had been sold.

For these reasons, the Request for Reconsideration Based Upon New Facts and Circumstances (doc. # 7) will be denied.

**IV.     Dismissal of Federal Claims Without Leave to Amend**

For the reasons stated above, the Court will dismiss with prejudice all of Kristick's federal claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Kristick did not respond to Defendants' Motion to Dismiss filed June 29, 2009, and has not requested leave to amend his complaint. However, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In deciding that justice does not require granting leave to amend, the Court considers that Kristick did not respond to Defendants' Motion to Dismiss and did not request leave to amend his complaint, delaying dismissal further may cause undue prejudice to the opposing parties, and amendment of the federal claims likely would be futile. *See Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court has considered

1  specifically whether amending the complaint to name FFFC as a Defendant would resolve
2  the deficiencies in any of the federal claims and finds that it would not.

3　　　　Kristick pled jurisdiction under 28 U.S.C. § 1331 as an action arising under federal
4  law and supplemental jurisdiction under 28 U.S.C. § 1367 for his state law claims. The
5  Court will dismiss every federal claim over which it has original jurisdiction under
6  28 U.S.C. § 1331. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise
7  supplemental jurisdiction over Kristick's remaining state law claims, as the federal claims
8  are insubstantial and they have been dismissed early in the case.

9　　　　IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss by First
10 Franklin Loan Services, Home Loan Services, Inc., and LaSalle Bank, N.A., is granted in
11 part. Counts 2 through 8 of the Complaint (doc. # 1) are dismissed with prejudice
12 pursuant to Fed. R. Civ. P. 12(b)(6). The remainder of the Motion to Dismiss is denied as
13 moot in light of the dismissal of the remaining state law claims.

14　　　　IT IS FURTHER ORDERED that the remainder of Plaintiff's Complaint (doc. # 1)
15 is dismissed as to all Defendants without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

16　　　　IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Defendants
17 First Franklin Loan Services, Home Loan Services, Inc., and LaSalle Bank, N.A.,
18 dismissing Counts 2 through 8 of the Complaint (doc. # 1) with prejudice and dismissing
19 all other claims as to all Defendants without prejudice.

20　　　　DATED this 2nd day of November, 2009.

_____
Neil V. Wake
United States District Judge